# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gary L. Himes,**
**Petitioner Below, Petitioner**

**vs) No. 14-0227** (Berkeley County 13-C-407)

**Evelyn Seifert, Warden,**
**Northern Correctional Facility**
**Respondent Below, Respondent**

**FILED**

February 6, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gary L. Himes, by counsel Ben J. Crawley-Woods, appeals the February 7, 2014, order of the Circuit Court of Berkeley County denying and dismissing his petition for writ of habeas corpus. Respondent Evelyn Seifert, Warden, Northern Correctional Facility, by counsel Cheryl K. Saville, filed her response to which petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2007, petitioner was indicted in a twelve-count indictment for four felony counts of attempted robbery in the first degree, two felony counts of conspiracy to commit robbery in the first degree, one felony count of burglary, one felony count of malicious assault, one felony count of breaking and entering, one felony count of conspiracy to commit breaking and entering, one misdemeanor count of petit larceny, and one misdemeanor count of destruction of property. On or about July 6, 2007, petitioner entered into a plea agreement wherein he agreed to give a full debriefing concerning the underlying facts and agreed to offer truthful testimony against his co-defendants should he be required to testify by the State. In exchange, he agreed to plead guilty to seven counts of the indictment and the State would recommend that petitioner be sentenced to a term of incarceration of twenty-four years and that all of petitioner's statutory sentences run concurrently. Shortly before the trial of the first co-defendant, petitioner asked his new attorney, R. Steven Redding, to secure a better plea on his behalf, specifically a lower recommended sentence. Due to the timing of petitioner's demands, the State viewed the request as voiding the previous plea agreement. The State then negotiated plea agreements with petitioner's co-defendants. Mr. Redding withdrew from representing petitioner because he anticipated that he may become a witness if petitioner sought to file a motion for enforcement of the July plea agreement. New counsel, Paul Taylor, was appointed.

1

Petitioner's co-defendants entered into plea agreements with the State, and petitioner moved to enforce the July plea agreement on the ground that he told Mr. Redding to get a better plea deal for him but did not refuse to testify or otherwise abide by the July agreement. A hearing was held on the motion to enforce the plea agreement, and Mr. Redding was subpoenaed to testify regarding his conversations with petitioner related to the plea agreement. During the February 20, 2008, hearing on that motion, petitioner withdrew his motion, released Mr. Redding without presenting any testimony, and entered into a new plea agreement with the State. According to the circuit court, the new plea agreement was "nearly identical" to the earlier agreement, with the exception of the fact that the State did not have to recommend the twenty-four year sentence to the court. On February 20, 2008, petitioner entered guilty pleas pursuant to the second plea agreement. At that time, the circuit court engaged petitioner in a dialogue regarding those matters as set forth in *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), and Rule 11 of the West Virginia Rules of Criminal Procedure. Due to the plea agreement issues, the circuit court asked additional questions of petitioner to make sure that he was aware of the terms of the new plea agreement as compared to the original plea agreement. The circuit court ordered an updated presentence investigation.

On April 4, 2008, the circuit court sentenced petitioner to a determinate sentence of thirty years of incarceration for his conviction for attempted robbery in the first degree, an indeterminate term of not less than one nor more than five years of incarceration for his conviction of conspiracy to commit robbery in the first degree, a determinate sentence of thirty years of incarceration for his conviction of attempted robbery in the first degree, and an indeterminate term of not less than one nor more than fifteen years of incarceration for his conviction of conspiracy to commit burglary. All of these sentences were to be served concurrently. The court also sentenced petitioner to an indeterminate term of not less than one nor more than five years of incarceration for his conviction of conspiracy to commit robbery in the first degree, an indeterminate term of not less than two nor more than ten years of incarceration for his conviction of malicious assault, and an indeterminate term of not less than one nor more than ten years for his conviction of breaking and entering. Those sentences were ordered to run consecutively to one another and consecutively to the other (concurrent) sentences. The remaining counts of the indictment were dismissed pursuant to the plea agreement.

Petitioner appealed raising two assignments of error: excessive sentence and a sentence disproportionate to his co-defendants. On March 26, 2009, this Court refused that petition for appeal. Petitioner filed four separate motions for reconsideration of his sentence with the circuit court, but all were denied. Petitioner then requested the appointment of counsel to aid him in filing a petition for writ of habeas corpus, and the circuit court appointed Neil Zahradnik. Petitioner, through counsel, filed his petition for writ of habeas corpus and a *Losh* list. Mr. Zahradnik withdrew from representing petitioner because he accepted a governmental position, and Mr. Crawley-Woods was appointed to represent petitioner. In its February 7, 2014, "Final Order Denying Petition for Writ of Habeas Corpus ad Subjiciendum," the circuit court concluded that petitioner's claims regarding the proportionality of his sentence and ineffective assistance of counsel failed to show any constitutional error. Therefore, the circuit court found that an evidentiary hearing was not warranted.

2

With regard to petitioner's sentence, the court noted there was no allegation that the sentences were based upon an impermissible factor or that they were outside statutory limits. The court found that petitioner's sentences for his convictions of attempted robbery did not have a statutory maximum, so an analysis under the proportionality rule was appropriate. Thereafter, it concluded that petitioner's sentence clearly did not violate the proportionality rule. It further found that the sentence appeared to be appropriate for the crimes for which petitioner was convicted. According to the circuit court, the defendants' "crime spree included: entering a restaurant with dark clothing, masks, and latex gloves carrying guns and a machete while demanding money; a forcible home invasion where the defendants demanded money and drugs from the occupant; a severe beating of a victim (including breaking his occipital bone and causing trauma to the face and head) after the victim allegedly cut them off in traffic; and breaking a window of a business to steal items therein." The circuit court also took into consideration petitioner's criminal history, which includes numerous misdemeanor convictions.

Regarding petitioner's claim of ineffective assistance of counsel, the circuit court stated that petitioner's single factual contention was that Mr. Redding's representations to the assistant prosecuting attorney were false and caused the State to withdraw from the plea, causing petitioner to receive a more severe sentence. The circuit court concluded that the claim was insufficient under the appropriate standard because petitioner was given a chance to challenge the issue but waived it. The court noted that effective assistance of counsel was not an issue typically subject to waiver because it is not properly considered until the conclusion of the case. However, petitioner raised the issue in the form of a motion to enforce a plea agreement and then chose to withdraw the motion. The circuit court went on to find that it was clear that petitioner could not prove ineffective assistance of counsel, as there could be no showing that the sentencing outcome would have been different.

In conclusion, the circuit court found no constitutional error with the issues raised by petitioner and concluded that each of petitioner's claims and his petition as a whole failed to establish probable cause that he was entitled to relief and no factual development could entitle petitioner to relief. The circuit court denied petitioner's petition for habeas relief, and petitioner appeals from that order.

After careful consideration, this Court finds that the circuit court did not err in denying habeas corpus relief to petitioner. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further, "'[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.' Syllabus Point 4 of *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979) Cert. Denied, 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983)." Syl. Pt. 3, *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

3

On appeal, petitioner sets forth two assignments of error. First, he contends that the circuit court committed reversible error in denying petitioner's claim of a constitutionally disproportionate sentence. Petitioner argues that although his sentence was constitutional under the applicable statutes, the circuit court went out of constitutionally proportional bounds in sentencing petitioner to prison for a minimum term nearly double that of co-defendant Mr. Bates and years longer than co-defendant Mr. Ernst. In support of his argument, petitioner asserts that Mr. Bates was the "main perpetrator" of the crimes with which the co-defendants were charged and that Mr. Bates has a lengthy criminal history. However, Mr. Bates received a determinate sentence of twenty-four years of incarceration. He also argues that Mr. Ernst was convicted of three more felonies than petitioner and had several prior convictions, but Mr. Ernst received an effective sentence of thirty-two to forty-five years of incarceration. Thus, both co-defendants received lesser sentences than petitioner's sentence of thirty-four to fifty-five years of incarceration.

Petitioner further argues that even if this Court finds petitioner's sentence constitutionally proportionate, the sentence must be overturned on the basis of the improper factors considered by the circuit court that contributed to petitioner's sentence. However, petitioner admits that he failed to argue the use of impermissible factors in his habeas petition, so the same must be considered as plain error. He contends that the circuit court relied on petitioner's purported use of a firearm in sentencing him despite the State's concession that there was no evidence that petitioner was in possession of a firearm. Petitioner further argues that the additional impermissible factor used by the court in sentencing was the consideration of the breakdown of petitioner's plea agreement, as the same was discussed several times during the criminal proceeding.

> We have held: "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). In *Miller,* we stated that plain error is error that is clear or obvious. Syl. Pt. 8, *id.* We also stated that an error affected a defendant's substantial rights when it was prejudicial or affected the outcome of the case. Syl. Pt. 9, *id.* The Defendant, not the State, bears the burden of persuading the Court on this issue. Syl. Pt. 9, *id.*

*State v. Herbert*, __ S.E.2d __, 2014 WL 6734007 at *12 (W.Va. November 25, 2014). In this case, we find that petitioner has failed to trigger the application of the plain error doctrine. Petitioner's argument ignores the circuit court's statement that it did not "have to worry about the firearm enhancement," as the State did not introduce any evidence at the plea hearing to indicate that petitioner possessed a firearm at the time of the commission of the crimes at issue. Petitioner fails to cite any law that supports his contention that the circuit court's consideration of Mr. Bates' cooperation and petitioner's lack of cooperation was an impermissible factor in sentencing. Thus, there was no plain error. In addition, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). As set forth above, petitioner does not contend that his sentence violated statutory limits. Therefore, we affirm the circuit

court's denial of habeas relief on this ground.

Petitioner's second assignment of error is that the circuit court committed reversible error in denying petitioner's claim of ineffective assistance of counsel regarding his plea agreements. In his motion to enforce the plea agreement filed before the circuit court, petitioner argued that he directed Mr. Redding to attempt further plea negotiations, attempts at such negotiations were unsuccessful, and petitioner stood ready to perform under the original plea agreement. Petitioner argues that he could not assert ineffective assistance of counsel at that point because the damage was not apparent until after the circuit court improperly utilized the plea negotiation breakdown as a factor of sentencing. He is critical of Mr. Redding's failure to document the substance of his communications with the State, which would have avoided the alleged miscommunication that resulted in the voiding of the original plea deal. Petitioner further contends that there is a reasonable probability that he would have received closer to the recommended twenty-four year sentence of incarceration but for Mr. Redding's ineffective assistance.

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *State v. Watson*, 200 W.Va. 201, 488 S.E.2d 476. Further, when reviewing counsel's performance, courts must determine whether "the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." Syl. Pt. 6, in part, *Miller*, 194 W.Va. at 6, 459 S.E.2d at 117. Based upon the record before this Court, we find that petitioner has failed to satisfy his burden to establish ineffective assistance of counsel.

While the assertions of the parties differ as to petitioner's instructions to Mr. Redding, it is undisputed that the State determined the original plea agreement with petitioner to be void. Petitioner subpoenaed Mr. Redding to testify at the hearing on the motion to enforce the original plea agreement, but Mr. Redding was never called to testify because petitioner, with the assistance of his then-counsel, reached a new plea agreement with the State. Like the first plea agreement, certain counts of the indictment would be dismissed under the new plea agreement. However, because the co-defendants had already entered into their respective plea agreements with the State, petitioner was no longer asked to testify against his co-defendants. In addition, the State was not required to make any recommendation to the circuit court as to sentencing.

"A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. *It is the ensuing guilty plea that implicates the Constitution*." *State v. Palmer*, 206 W.Va. 306, 309, 524 S.E.2d 661, 664 (1999) (quoting *Mabry v. Johnson*, 467 U.S. 504, 507-08 (1984)). "We have traditionally applied rules of contract law to plea agreements." *Palmer*, 206 W.Va. at 309, 524 S.E.2d at 664. Thus, when

5

petitioner instructed Mr. Redding to renegotiate the terms of the plea agreement, even if those instructions were simply to try to obtain a lesser recommended sentence, the State apparently understood that to mean that petitioner was no longer in agreement with the terms of the plea agreement. While it may have been prudent for Mr. Redding to prepare a letter confirming the details of his discussion with the State, his failure to do so does not satisfy the standards set forth in *Strickland* and *Miller*. We, therefore, conclude that petitioner has failed to show that Mr. Redding provided ineffective assistance of counsel in the underlying matter. Further, because the circuit court, rather than the State, determines the sentence following the entry of a plea of guilty, petitioner has failed to show that but for Mr. Redding's alleged errors the result would have been different. *See* W.Va. R. Crim. Proc. 11(e)(1)(B).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 6, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

6